CHAN LENGSAVATH, ESQ.
Nevada Bar# 12609)
**CHAN LENGSAVATH LAW LTD.**
7473 W. Lake Mead Blvd, #100
Las Vegas, NV 89128
Tel:  (702) 518-2987
Email: chan@VegasCLLaw.com
*Attorney for Defendant QINGWEN KONG*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PARNELL COLVIN III,<br>An Individual,<br><br>                  Plaintiff,<br><br>vs.<br><br>AHP REALTY LLC, & QINGWEN KONG,<br><br>                  Defendants. | CASE NO.: 2:20-CV-00343-GMN-NJK<br><br><br>**DEFANDANT QINGWEN KONG'S<br>MOTION TO DISMISS** |

Defendants QINGWEN KONG ("KONG"), by and through her counsel of record, Chan Lengsavath Law LTD., hereby moves this Court to dismiss the Complaint (ECF No. 1) ("Complaint").

This Motion is made pursuant to Rule 12(b)(1) of the Federal Rule of Civil Procedure ("FRCP") and based on the following Memorandum of Points and Authorities, the pleadings and papers on file herein, and any oral argument the Court may allow.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.        INTRODUCTION

Plaintiff, Parnell Colvin III ("Colvin") is a tenant and entered into a residential lease for 6681 Tara Ave., Las Vegas, Nevada ("Property"). He has continually failed to pay rent in accordance with the lease since June 2019 and now owes $26,000 in back rent. The

Defendant has tried to bring summary eviction proceedings in local justice court, as the court with original jurisdiction on such matters. Instead of litigating the matter before the Las Vegas Justice Court, the Plaintiff has constantly delayed the proceedings by filing bankruptcy petitions and complaints with this Court.

This tactic is not new to Colvin. He has filed at least 7 bankruptcy petitions since 2015, none of which were properly filed or discharged. Each one was to delay eviction and avoid paying rent. This pattern of bad faith, malicious intent, and waste of the Defendant's and Court's time cannot and should not continue.

There is no due process violation. Colvin's "day in court" should be in Las Vegas Justice Court but he has caused the process to be delayed, not the Defendant. The summary eviction process is exactly what Nevada law allows for both landlords and tenants to deal with evictions. In fact, the landlord/defendant in this matter was willing to just allow the tenant to leave and not pursue any past rents. Now, the tenant is forced to seek past rents, court costs, and attorney fees.

Therefore, the Defendant asks this Court to dismiss the instant Complaint.

## II.     STATEMENT OF FACTS

Plaintiff, Parnell Colvin III ("Colvin") is a tenant and entered into a residential lease for 6681 Tara Ave., Las Vegas, Nevada ("Property"). He has continually failed to pay rent in accordance with the lease since June 2019. On August 12, 2019, a 5-day Notice to Pay or Quit. Instead of paying the rent, the Defendant, as he has done in numerous instances in the past, filed for bankruptcy with the US Bankruptcy Court, District of Nevada (Case# 19-13142-MKN) May 17, 2019. Each bankruptcy petition created an automatic stay of 60-days from the eviction process. Instead of retaining counsel, the Defendant tried to just wait out the 60 days and renew a summary eviction process after the bankruptcy case. That case was dismissed on the Trustee's motion July 8, 2019 due to Colvin's failure to complete the required forms and classes.

Vegas Valley Law
L.L.C.
6130 ELTON AVE.
LAS VEGAS, NEVADA 89107
(702) 483-7008

The Defendant again filed a new summary eviction process. Instead of attending the summary eviction hearing on good faith or moving out of the Property, the Defendant again intentionally and maliciously delayed an eviction by filing another petition for bankruptcy on July 18, 2019 (Case# 19-14597-BTB). However, that case was also dismissed for the same reasons. Not to be deterred, Colvin filed another petition for bankruptcy on January 23, 2020. The Defendant filed a Motion for a Stay from the bankruptcy petition but before the hearing on the stay could be determined, that court dismissed the petition for the Plaintiff's failure to file the required documents and attend the required classes yet again.

Additionally, the Petitioner has filed claims with this Court twice. The latest being the instant complaint filed on February 18, 2020. All filings in the bankruptcy court and in this have been to avoid rent, to delay eviction, and to maliciously force the defendants to incur attorney fees and court fees. All while the Plaintiff has incurred no costs due to his designation to proceed as *forma pauperis* in each filing, including this current complaint.

In the instant complaint, Colvin claimed that his Due Process rights were being violated, presumably, by the local justice court that has original jurisdiction on eviction matters in Nevada. However, his rights are to have hearing for summary eviction with the justice court and he is the one avoiding defense.

The Plaintiff is again wasting this Court's and other courts' time by pursuing a frivolous complaint. There is no due process violation. The summary eviction process is exactly what Nevada law allows for both landlords and tenants to deal with evictions. In fact, the landlord/defendant in the matter was willing to just allow the tenant to leave and not pursue any past rents. Now, the tenant is forced to seek past rents, court costs, and attorney fees.

A copy of the lease agreement is attached as **Exhibit A**. Currently, Colvin is delinquent $26,000 in rents because he has not paid any rent since May 2019. A copy of the accounting ledger is attached as **Exhibit B**. Furthermore, the Defendant has attorney fees totaling approximately $5,000.

In light of the foregoing, Movant respectfully requests that the Court dismiss the current complaint due to a lack of subject matter jurisdiction.

## III.    LAW AND ANALYSIS

### A.  Legal Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits motions to dismiss for lack of subject matter jurisdiction. FRCP 12(b)(1). When subject matter jurisdiction is challenged, the burden of proof is placed on the party asserting that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986) (holding that "[t]he party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists"). Accordingly, courts presume lack of subject matter jurisdiction until the plaintiff proves otherwise in response to the motion to dismiss. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

"Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court." Frigard v. United States, 862 F.2d 201, 204 (9th Cir. 1988) (per curiam). However, where there is no way to cure the jurisdictional defect, dismissal with prejudice is proper. See id.

A motion to dismiss under FRCP 12(b)(1) may be construed in one of two ways. Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979). It may be described as 'facial,' meaning that it attacks the sufficiency of the allegations to support subject matter jurisdiction. Id. Alternatively, it may be described as 'factual,' meaning that it "attack[s] the existence of subject matter jurisdiction in fact." Id. When, as here, a defendant asserts a factual attack, "[t]he plaintiff bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met." Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014).

///

///

Vegas Valley Law
L.L.C.
6130 ELTON AVE.
LAS VEGAS, NEVADA 89107
(702)483-7008

**B.  <u>Discussion</u>**

It is well-established that Federal Courts "are courts of limited jurisdiction. They possess only that power authorized by [the] Constitution and statute, which is not to be expanded by judicial decree." <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377, 114 S.Ct. 1673(1994) (citations omitted). "The requirement that jurisdiction be established as a threshold matter ... is 'inflexible and without exception.'" <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 94-95 (quoting <u>Mansfield, C. & L. M. R. Co. v. Swan</u>, 111 U.S. 379, 382 (1884)). On a FRCP 12(b)(1) motion to dismiss, the court presumes it lacks subject matter jurisdiction until the plaintiff can prove otherwise. See <u>Kokkonen</u>, 511 U.S. at 377 ("It is to be presumed that a cause lies outside [the court's] limited jurisdiction, [ ] and the burden of establishing the contrary rests upon the party asserting jurisdiction."); see also <u>Thornhill Publ'g v. General Tel. & Elecs. Corp.</u>, 594 F.2d 730, 733 (9th Cir. 1979) ("[P]laintiff will have the burden of proof that jurisdiction does in fact exist").

Here, Colvin contends that this Court has subject matter jurisdiction his Due Process rights being violated. However, pursuant to Nevada Revised Statutes (NRS) 40.253, the Las Vegas Justice Court is exactly where jurisdiction lies for eviction matters. Furthermore, even if the Plaintiff were to again assert that he will be filing for bankruptcy, his petition would not allow for a 60-day automatic stay because Colvin has no "equity in the property" he is leasing under 11 U.S.C. §362(g)(1).

///
///
///
///
///
///
///
///

**Vegas Valley Law**
**L.L.C.**
6130 ELTON AVE.
LAS VEGAS, NEVADA 89107
(702)483-7008

**IV.     CONCLUSION**

For all of the foregoing reasons, Defendant respectfully asks this Court to grant Defendant Qingwen Kong's Motion to Dismiss and Motion to Declare Petitioner as a Vexatious Litigant.

DATED this ___11th___ day of ____March___, 2020.

**CHAN LENGSAVATH LAW LTD.**

By:      /s/ Chan Lengsavath
CHAN LENGSAVATH, ESQ.
7473 W. Lake Mead Blvd, #100
Las Vegas, NV 89128
Tel:  (702) 518-2987
Email: chan@VegasCLLaw.com
*Attorney for Defendant Qingwen Kong*

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I certify that on March 11, 2020, I served a true and correct copy of the foregoing DEFANDANT QINGWEN KONG'S MOTION TO DISMISS as follows:

___X___        U. S. Mail

_____        Fax

_____        Other

_____        Electronic Service to the following:

DATED this ___11th__ day of ___March___, 2020.

CHAN LENGSAVATH LAW LTD.

By:     /s/ Melinda Lengsavath_____
        Employee, CHAN LENGSAVATH LAW LTD.