# Exhibit A




# RESIDENTIAL LEASE AGREEMENT
for

6681 Tara Ave _____ Las Vegas  NV  89146
(Property Address)

1. **This AGREEMENT** is entered into this __15th__ day of ___March___, 20_18_ between OWNER'S Name: ___TAKO LLC___, OWNER'S Name: _____ (collectively hereinafter, "OWNER" and/or "LANDLORD") legal owner(s) of the property and TENANT's Name: ___Parnell Colvin___ TENANT's Name: _____ TENANT's Name: ___503-490-6564___ TENANT's Name: _____ (collectively, "TENANT"), which parties hereby agree to as follows:

2. **PREMISES:** LANDLORD hereby leases to TENANT and TENANT hereby leases from LANDLORD, subject to the terms and conditions of the lease, the Premises known and designated as __6681 Tara Ave__ _____ Las Vegas __ NV __ 89146 __ ("the Premises"). Premises Mail Box # ____. Parking Space # _____, Storage Unit # _____, Other _____.

3. **TERM:** The term hereof shall commence on __04/01/18__ and continue until __03/31/20__, with a total rent of $__63,360.00__, then on a month-to-month basis thereafter, until either party shall terminate the same by giving the other party thirty (30) days written notice delivered by US mail or electronic mail. (All calculation based on 30 day month), as governed by paragraph 23 herein

4. **RENT:** TENANT agrees to pay, without demand, to LANDLORD as rent for the Premises the total sum of __2,640.00__ per month on the first day of each calendar month, at __6292 Spring Mountain Rd Las Vegas 89146__ or at such other place as LANDLORD may designate in writing.

5. **SUMMARY:** The initial rents, charges and deposits are as follows:

| | Total | Received | Balance Due |
|---|---|---|---|
| Rent: From 03/16/18, To 03/31/18 | $ 1387 | $ 1387 | $ |
| Security Deposit | $ 2600 | $ 2600 | $ |
| Key Deposit | $ 50 | $ 50 | $ |
| Admin/Credit App Fee (non-refundable) | $ | $ | $ |
| Pet Deposit | $ | $ | $ |
| Cleaning Deposit | $ 300 | $ 300 | $ |
| Cleaning Fee (non-refundable) | $ | $ | $ |
| Additional Security | $ | $ | $ |
| Utility Proration | $ | $ | $ |
| Sewer/Trash Proration | $ 40 | $ 40 | $ |
| Pre-Paid Rent | $ | $ | $ |
| Pro-Rated Rent for _____ | $ | $ | $ |
| Other _____ | $ | $ | $ |
| Other _____ | $ | $ | $ |
| Other _____ | $ | $ | $ |
| **TOTAL** | $ 4377.00 | $ 4377.00 | $ |

6. **ADDITIONAL MONIES DUE:**
Tenant need to pay rent on April 1, 2018 for $2640(2600+40), Tenant agrees to take care the pool, front yard and backyard by tenant self.

Property __6681 Tara Ave__ _____ Las Vegas  NV  89146
Owner's Name ___TAKO LLC___  Owner's Name _____
Tenant ___Parnell Colvin___  Initials _PC_  Tenant _____ Initials ____
Tenant ___503-490-6564___  Initials ____  Tenant _____ Initials ____

Residential Lease Agreement Rev. 10.16     © 2016 Greater Las Vegas Association of REALTORS®     Page 1 of 13

This form presented by Xing R Mao | AHP Realty LLC | 7022481818 |
vivianuta@hotmail.com                                                    instanet

7. **ADDITIONAL FEES:**

   **A. LATE FEES:** In the event TENANT fails to pay rent when due, TENANT shall pay a late fee of $ __75__ plus $ __20__ per day for each day after __3__ days that the sum was due. Such amounts shall be considered to be rent.

   **B. DISHONORED CHECKS:** A charge of $ __75__ shall be imposed for each dishonored check made by TENANT to LANDLORD. TENANT agrees to pay all rents, all late fees, all notice fees and all costs to honor a returned check with certified funds. After TENANT has tendered a check which is dishonored, TENANT hereby agrees to pay all remaining payments including rent due under this Agreement by certified funds. Any payments tendered to LANDLORD thereafter, which are not in the form of certified funds, shall be treated as if TENANT failed to make said payment until certified funds are received. LANDLORD presumes that TENANT is aware of the criminal sanctions and penalties for issuance of a check which TENANT knows is drawn upon insufficient funds and which is tendered for the purpose of committing a fraud upon a creditor.

   **C. ADDITIONAL RENT:** All late fees and dishonored check charges shall be due when incurred and shall become additional rent. **Payments will be applied to charges which become rent in the order accumulated.** All unpaid charges or any fees owed by TENANT, including but not limited to notice fees, attorney's fees, repair bills, utility bills, landscape/pool repair and maintenance bills and CIC fines will become additional rent at the beginning of the month after TENANT is billed. TENANT'S failure to pay the full amount for a period may result in the initiation of eviction proceedings. LANDLORD'S acceptance of any late fee or dishonored check fee shall not act as a waiver of any default of TENANT, or as an extension of the date on which rent is due. LANDLORD reserves the right to exercise any other rights and remedies under this Agreement or as provided by law.

8. **SECURITY DEPOSITS:** Upon execution of this Agreement,
   TENANT's Name: ____Parnell Colvin____ TENANT's Name: ____503-490-6564____
   TENANT's Name: _____ TENANT's Name: _____
   shall deposit with LANDLORD as a Security Deposit the sum stated in paragraph 5. **TENANT shall not apply the Security Deposit to, or in lieu of, rent.** At any time during the term of this Agreement and upon termination of the tenancy by either party for any reason, the LANDLORD may claim, from the Security Deposit, such amounts due LANDLORD under this Agreement. Any termination prior to the initial term set forth in paragraph 3, or failure of TENANT to provide proper notice of termination, is a default in the payment of rent for the remainder of the lease term, which may be offset by the Security Deposit. Pursuant to NRS 118A.242, LANDLORD shall provide TENANT with a written, itemized accounting of the disposition of the Security Deposit within thirty (30) days of surrender of premises. TENANT agrees, upon termination of the tenancy, to provide LANDLORD with a forwarding address to prevent a delay in receiving the accounting and any refund. At the termination of this agreement, the TENANT identified in this paragraph will be refunded the remaining security deposit (if any). In the event of damage to the Premises caused by TENANT or TENANT's family, agents or visitors, LANDLORD may use funds from the deposit to repair, but is not limited to this fund and TENANT remains liable for any remaining costs. (In addition to the above, to be refundable, property must be professionally cleaned to include carpets and all hard surface flooring including tile and grout.) Upon request by Landlord, Tenant must furnish receipts for professional cleaning services.

9. **CONDITION OF PREMISES:** TENANT agrees that TENANT has examined the Premises, including the grounds and all buildings and improvements, and that they are, at the time of this Lease, in good order, good repair, safe, clean, and rentable condition.

Property __6681 Tara Ave_____ Las Vegas____ NV __89146__
Owner's Name ____TAKO LLC____    Owner's Name _____
Tenant ____Parnell Colvin____ Initials _PC_    Tenant _____ Initials ____
Tenant ____503-490-6564____ Initials ____    Tenant _____ Initials ____

Residential Lease Agreement Rev. 10.16    © 2016 Greater Las Vegas Association of REALTORS®

Page 2 of 13

10. **TRUST ACCOUNTS:** BROKER shall retain all interest earned, if any, on security deposits to offset administration and bookkeeping fees.

11. **EVICTION COSTS:** TENANT shall be charged an administrative fee of $ __375__ per eviction attempt to offset the costs of eviction notices and proceedings. TENANT shall be charged for service of legal notices and all related fees according to actual costs incurred.

12. **CARDS AND KEYS:** Upon execution of the Agreement, TENANT shall receive the following:
    - __1__ Door key(s)         __1__ Garage Transmitter/Fob(s)      ____ Pool Key(s)
    - __1__ Mailbox key(s)      ____ Gate Card/Fob(s)                ____ Other(s) ____
    - ____ Laundry Room key(s)) ____ Gate Transmitter/Fob(s)         ____ Other(s) ____

    TENANT shall make a key deposit (if any) in the amount set forth in paragraph 2 upon execution of this Agreement. The key deposit shall be refunded within 30 days of TENANT's return of all cards and/or keys to LANDLORD or LANDLORD's BROKER/DESIGNATED PROPERTY MANAGER.

13. **CONVEYANCES AND USES:** TENANT shall not assign, sublet or transfer TENANT'S interest, nor any part thereof, without prior written consent of LANDLORD. The Premises shall be used and occupied by TENANT exclusively as a private single-family residence. Neither the Premises nor any part of the Premises or yard shall be used at any time during the term of this Lease for any purpose of carrying on any business, profession, or trade of any kind, or for any purpose other than as a private single-family residence. TENANT shall comply with all the health and sanitary laws, ordinances, rules and orders of appropriate governmental authorities and homeowners associations, if any, with respect to the Premises. TENANT understands and acknowledges that they are not permitted to access the attic crawl space, roof or under the home or any other area of the property that is not considered living space. TENANT shall not commit waste, cause excessive noise, create a nuisance or disturb others.

14. **OCCUPANTS:** Occupants of the Premises shall be limited to __6__ persons and shall be used solely for housing accommodations and for no other purpose. TENANT represents that the following person(s) will live in the Premises:
    Parnell Colvin, Monique, Malaysia, Elilah, Parnell JR, Annastashia

15. **GUESTS:** The TENANT agrees to pay the sum of $ __10.00__ per day for each guest remaining on the Premises more than __10__ days. Notwithstanding the foregoing, in no event shall any guest remain on the Premises for more than __30__ days.

16. **UTILITIES:** TENANT shall immediately connect all utilities and services of premises upon commencement of lease. TENANT is to pay when due all utilities and other charges in connection with TENANT's individual rented premises. Responsibility is described as (T) for TENANT and (O) for Owner:
    - Electricity __T__   Trash __T__    Trash Can Rental: __T__   Phone __T__
    - Gas __T__           Sewer ____     Cable __T__               Other ____
    - Water __T__         Septic __T__   Association Fees __N/A__  Other ____

    a. TENANT is responsible to connect the following utilities in TENANT'S name: __ALL__

Property __6681 Tara Ave__                                              __Las Vegas__      NV __89146__
Owner's Name __TAKO LLC__                          Owner's Name ____
Tenant __Parnell Colvin__         Initials _PC_    Tenant ____          Initials ____
Tenant __503-490-6564__           Initials ____    Tenant ____          Initials ____

Residential Lease Agreement Rev. 10.16      © 2016 Greater Las Vegas Association of REALTORS®                Page 3 of 13

This form presented by Xing R Mao | AHP Realty LLC | 702-248-1818 | vivianutg@hotmail.com

Instanet

b. LANDLORD will maintain the connection of the following utilities in LANDLORD's name and bill TENANT for connection fees and use accordingly for the entire term of the lease: _____
N/A

c. No additional phone or cable lines or outlets or satellite dishes shall be obtained for the Premises without the LANDLORD's written consent. In the event of LANDLORD's consent, TENANT shall be responsible for all costs associated with the additional lines, outlets or dishes. TENANT shall also remove any satellite dishes and restore the subject property to its original condition at the termination of this Agreement.

d. If an alarm system exists on the Premises, TENANT may obtain the services of an alarm services company and shall pay all costs associated therewith.

e. TENANT shall not default on any obligation to a utility provider for utility services at the Property. Owner does not pay for any utilities, excluding any such UTILITIES THAT ARE INCLUDED IN HOME OWNER'S ASSOCIATION DUES. TENANT must show all utilities giving service to said property have a zero balance upon move out.

f. Other: _____

**17. PEST NOTICE:** TENANT understands that various pest, rodent and insect species (collectively, "pests") exist in Southern Nevada. Pests may include, but are not limited to, scorpions (approximately 23 species, including bark scorpions), spiders (including black widow and brown recluse), bees, snakes, ants, termites, rats, mice and pigeons. The existence of pests may vary by season and location. Within thirty (30) days of occupancy, if the Premises has pests, LANDLORD, at TENANT's written request, will arrange for and pay for the initial pest control spraying. TENANT agrees to pay for the monthly pest control spraying fees. For more information on pests and pest control providers, TENANT should contact the State of Nevada Division of Agriculture.

**18. PETS:** No pet shall be on or about the Premises at any time without written permission of LANDLORD. In the event TENANT wishes to have a pet, TENANT will complete an Application for Pet Approval. Should written permission be granted for occupancy of the designated pet, an additional security deposit in the amount of $ __300__ will be required and paid by TENANT in advance subject to deposit terms and conditions aforementioned. In the event written permission shall be granted, TENANT shall be required to procure and provide to LANDLORD written evidence that TENANT has obtained such insurance as may be available against property damage to the Premises and liability to third party injury. Said policy shall name LANDLORD and LANDLORD'S AGENT as additional insureds. A copy of said policy shall be provided to LANDLORD or LANDLORD's BROKER/DESIGNATED PROPERTY MANAGER prior to any pets being allowed within the Premises. If TENANT obtains a pet without written permission of LANDLORD, such will be an event of default under paragraph 21. TENANT further agrees to pay an immediate fine of $ __300__. TENANT agrees to indemnify LANDLORD for any and all liability, loss and damages which LANDLORD may suffer as a result of any animal in the Premises, whether or not written permission was granted.

*(This Space Intentionally Left Blank)*

Property  6681  Tara Ave                                           Las Vegas         NV  89146
Owner's Name          TAKO LLC                  Owner's Name
Tenant      Parnell Colvin         Initials PC   Tenant                           Initials ____
Tenant      503-490-6564           Initials     Tenant                           Initials ____

Residential Lease Agreement Rev. 10.16    © 2016 Greater Las Vegas Association of REALTORS®              Page 4 of 13

This form presented by Xing R Mao | AHP Realty LLC | 702-248-1818 |
vivianutg@hotmail.com

Instanet

19. **RESTRICTIONS:** TENANT shall not keep or permit to be kept in, on, or about the Premises: waterbeds, boats, campers, trailers, mobile homes, recreational or commercial vehicles or any non-operative vehicles except as follows:
N/A

TENANT shall not conduct nor permit any work on vehicles on the premises without the express written consent of the Owner.

20. **ALTERATIONS:** TENANT shall make no alterations to the Premises without LANDLORD's written consent. Unless otherwise agreed in writing between TENANT and LANDLORD, all alterations or improvements to the Premises become the property of LANDLORD, shall remain upon the Premises, and shall constitute a fixture permanently affixed to the Premises. Unless otherwise agreed in writing between TENANT and LANDLORD, TENANT shall be responsible for restoring the Premises to its original condition and removing any alterations or improvements if requested by LANDLORD or LANDLORD's BROKER/DESIGNATED PROPERTY MANAGER.

21. **DEFAULT:** Failure by TENANT to pay rent, perform any obligation under this Agreement, or comply with any Association Governing Documents (if any), or TENANT's engagement in activity prohibited by this Agreement, or TENANT's failure to comply with any and all applicable laws, shall be considered a default hereunder. Upon default, LANDLORD may, at its option, terminate this tenancy upon giving proper notice. Upon default, LANDLORD shall issue a proper itemized statement to TENANT noting the amount owed by TENANT, including any and all fees related to eviction and reletting of the subject property. LANDLORD may pursue any and all legal and equitable remedies available.

   a. FORFEITURE OF SECURITY DEPOSIT - DEFAULT. It is understood and agreed that TENANT shall not attempt to apply or deduct any portion of any security deposit from the last or any month's rent or use or apply any such security deposit at any time in lieu of payment of rent. If TENANT fails to comply, such security deposit shall be forfeited and LANDLORD may recover the rent due as if any such deposit had not been applied or deducted from the rent due. For the purpose of this paragraph, it shall be conclusively presumed that a TENANT leaving the premises while owing rent is making an attempted deduction of deposits. Furthermore, any deposit shall be held as a guarantee that TENANT shall perform the obligations of the Lease and shall be forfeited by the TENANT should TENANT breach any of the terms and conditions of this Lease. In the event of default, by TENANT, of any obligation in this Lease which is not cured by TENANT within five (5) days' notice from LANDLORD, then in addition to forfeiture of the Security Deposit, LANDLORD may pursue any other remedy available by law, equity or otherwise.
   b. TENANT PERSONAL INFORMATION UPON DEFAULT. TENANT understands and acknowledges that if TENANT defaults on lease, LANDLORD or Owner may engage the services of an Attorney or a Collection Agency. TENANT understands and acknowledges that LANDLORD/Owner may give an Attorney or a Collection Agency, TENANT's personal information, including but not limited to, TENANT's social security number or any other information to aid in collection efforts and holds LANDLORD, Broker, and Owner harmless from any liability in relation to the release of any personal information to these entities.

22. **ENFORCEMENT:** Any failure by LANDLORD to enforce the terms of this Agreement shall not constitute a waiver of said terms by LANDLORD. Acceptance of rent due by LANDLORD after any default shall not be construed to waive any right of LANDLORD or affect any notice of termination or eviction.

---

Property __6681 Tara Ave__ __Las Vegas__ NV __89146__
Owner's Name __TAKO LLC__          Owner's Name _____
Tenant __Parnell Colvin__ Initials /C  Tenant _____ Initials _____
Tenant __503-490-6564__ Initials _____ Tenant _____ Initials _____

Residential Lease Agreement Rev. 10.16    © 2016 Greater Las Vegas Association of REALTORS®    Page 5 of 13

a. **ABANDONMENT.** LANDLORD is entitled to presume per NRS 118A.450 that TENANT has abandoned the Premises if the TENANT is absent from the premises for a period of time equal to one-half the time for periodic rental payments, unless the rent is current or the TENANT has in writing notified the landlord of an intended absence.

b. If at any time during the term of this Lease, TENANT abandons the Premises, LANDLORD shall have the following rights: LANDLORD may, at LANDLORD's option, enter the Premises by any means without liability to TENANT for damages and may relet the Premises, for the whole or any part of the then unexpired term, and may receive and collect all rent payable by virtue of such reletting. At LANDLORD's option, LANDLORD may hold TENANT liable for any difference between the rent that would have been payable under this Lease during the balance of the unexpired term, if this Lease had continued in force, and the net rent for such period realized by LANDLORD by means of such reletting.
LANDLORD also may dispose of any of TENANTs abandoned personal property, pursuant to Nevada law as LANDLORD deems appropriate, without liability to TENANT.

23. **NOTICE OF INTENT TO VACATE:** TENANT shall provide notice of TENANT's intention to vacate the Premises. **Such notice shall be in writing and shall be provided to LANDLORD prior to the first day of the last month of the lease term set forth in Section 3 of this Agreement. In no event shall notice be less than 30 days prior to the expiration of the term of this Agreement.** In the event TENANT fails to provide such notice, TENANT shall be deemed to be holding-over on a month-to-month basis until 30 days after such notice. During a holdover not authorized by LANDLORD, rent shall increase by ___10___ %.

24. **TERMINATION:** Upon termination of the tenancy, TENANT shall surrender and vacate the Premises and shall remove any and all of TENANT'S property. TENANT shall return keys, personal property and Premises to the LANDLORD in good, clean and sanitary condition, normal wear excepted.

25. **EMERGENCIES:** The name, address and phone number of the party who will handle maintenance or essential services emergencies on behalf of the LANDLORD is as follows: _____
Carol 702-488-5563, Vivian 702-302-1530

26. **MAINTENANCE:** TENANT shall keep the Premises in a clean and good condition. TENANT shall immediately report to the LANDLORD any defect or problem on the Premises. TENANT agrees to notify LANDLORD of any water leakage and/or damage within 24 hours of the occurrence. TENANT understands that TENANT may be held responsible for any water and/or mold damage, including the costs of remediation of such damage. TENANT shall be responsible for any **MINOR** repairs necessary to the Premises up to and including the cost of $ ___100___. TENANT agrees to pay for all repairs, replacements and maintenance required by TENANT's misconduct or negligence or that of TENANT's family, pets, licensees and guests, including but not limited to any damage done by wind or rain caused by leaving windows open and/or by overflow of water, or stoppage of waste pipes, or any other damage to appliances, carpeting or the Premises in general. At LANDLORD's option, such charges shall be paid immediately or be regarded as additional rent to be paid no later than the next monthly payment date following such repairs. TENANT acknowledges any minor repairs made to the Property must be done by an active, licensed and insured contractor.

a. TENANT shall change filters in the heating and air conditioning systems at least once every month, at TENANT's own expense. LANDLORD shall maintain the heating and air conditioning systems and provide for major repairs. However, any repairs to the heating or cooling system caused by dirty filters due to TENANT neglect will be the responsibility of TENANT.

| Property | 6681 Tara Ave | | Las Vegas | NV | 89146 |
|---|---|---|---|---|---|
| Owner's Name | TAKO LLC | | Owner's Name | | |
| Tenant | Parnell Colvin | Initials /C | Tenant | Initials | |
| Tenant | 503-490-6564 | Initials | Tenant | Initials | |

b. TENANT shall replace all broken glass, regardless of cause of damage, at TENANT's expense.

c. LANDLORD shall be responsible for all systems including heating, cooling, electrical, plumbing and sewer lines. LANDLORD shall be responsible for all major heating, cooling electrical, plumbing and sewer problems that are not caused by TENANT.

d. There ____ is –OR– __x__ is not a landscape contractor whose name and phone number are as follows:
_____

In the case of landscaping being maintained by a contractor, TENANT agrees to cooperate with the landscape contractor in a satisfactory manner. LANDLORD-provided landscaping is not to be construed as a waiver of any responsibility of the TENANT to keep and maintain landscaping and/or shrubs, trees and sprinkler system in good condition.

In the event the landscaping is not being maintained by a contractor, TENANT shall maintain lawns, shrubs and trees. TENANT shall water all lawns, shrubs and trees, mow the lawns on a regular basis, trim the trees and fertilize lawns, shrubs and trees. If TENANT fails to maintain the landscaping in a satisfactory manner, LANDLORD may have the landscaping maintained by a landscaping contractor and charge TENANT with the actual cost. Said costs shall immediately become additional rent.

e. There ____ is –OR– __x__ is not a pool contractor whose name and phone number are as follows:
_____

In the case of pool maintenance being maintained by a contractor, TENANT agrees to cooperate with the pool maintenance contractor in a satisfactory manner. LANDLORD-provided pool maintenance is not to be construed as a waiver of any responsibility of the TENANT to keep and maintain the pool in good condition.

In the event the pool is not being maintained by a Contractor, TENANT agrees to maintain the pool, if any. TENANT agrees to maintain the water level, sweep, clean and keep in good condition. If TENANT fails to maintain the pool in a satisfactory manner, LANDLORD may have the pool maintained by a licensed pool service and charge TENANT with the actual cost. Said costs shall become additional rent.

f. Smoking ____ will or __x__ will not be permitted in or about the Premises. TENANT will be charged any costs incurred for the abatement of any damages by unauthorized smoking in the Premises.

27. **ACCESS:** TENANT agrees to grant LANDLORD the right to enter the Premises at all reasonable times and for all reasonable purposes including showing to prospective lessees, buyers, appraisers, insurance agents, periodic maintenance reviews and business therein as requested by LANDLORD. If TENANT fails to keep scheduled appointments with vendors to make necessary/required repairs, TENANT shall pay for any additional charges incurred which will then become part of the next month's rent and be considered additional rent. TENANT shall not deny LANDLORD his/her rights of reasonable entry to the Premises. LANDLORD shall have the right to enter in case of emergency and other situations as specifically allowed by law. LANDLORD agrees to give TENANT twenty-four (24) hours notification for entry, except in case of emergency.

Property 6681 Tara Ave          Las Vegas     NV   89146
Owner's Name   TAKO LLC          Owner's Name
Tenant   Parnell Colvin   Initials PC   Tenant   Initials
Tenant   503-490-6564     Initials      Tenant   Initials

Residential Lease Agreement Rev. 10.16    © 2016 Greater Las Vegas Association of REALTORS®    Page 7 of 13

This form presented by Xing R Mao | AHP Realty LLC | 702-248-1818 | vivianutg@hotmail.com                                    Instanet

a. **DISPLAY OF SIGNS.** During the last thirty (30) days of this Lease, LANDLORD or LANDLORD's agent may display For Sale or For Rent or similar signs on or about the Premises and enter to show the Premises to prospective purchasers or tenants. TENANT also authorizes Broker to use an electronic keybox to show the Premises during the last 30 days of lease. TENANT further agrees to execute any and all documentation necessary to facilitate the use of a lockbox.

28. **ASSOCIATIONS:** Should the Premises described herein be a part of a common interest community, homeowners association planned unit development, condominium development ("the Association") or such, TENANT hereby agrees to abide by the Governing Documents (INCLUDING Declarations, Bylaws, Articles, Rules and Regulations) of such community and further agrees to be responsible for any fines or penalties levied as a result of failure to do so by TENANT, TENANT's family, licensees or guests. Noncompliance with the Governing Documents shall constitute a violation of this Agreement. Unless billed directly to TENANT by the Association, such fines shall be considered as additional rent and shall be due along with the next monthly payment of rent. By initialing this paragraph, TENANT acknowledges receipt of a copy of the applicable Governing Documents. LANDLORD, at LANDLORD's expense, shall provide TENANT with any additions to such Governing Documents as they become available. LANDLORD may, at its option, with 30 days' notice to TENANT, adopt additional reasonable rules and regulations governing use of the Premises and of the common areas (if any). [_____] [_____] [_____] [_____]

29. **INVENTORY:** It is agreed that the following inventory is now on said premises. (Check if present; cross out if absent.)

   **X** Refrigerator         ___ Intercom System         ___ Spa Equipment
   **X** Stove                ___ Alarm System            ___ Auto Sprinklers
   **X** Microwave            ___ Trash Compactor         ___ Auto Garage Openers
   **X** Disposal             **X** Ceiling Fans          ___ BBQ
   **X** Dishwasher           ___ Water Conditioner Equip. ___ Solar Screens
   **X** Washer               **X** Dryer                 **X** Pool Equipment
   **X** Garage Opener        ___ Gate Remotes            ___ Carpet
   ___ Trash Can(s) (circle one) owner provided / trash service provided
   **X** Floor Coverings (specify type) hard wood, Tile, Carpet
   **X** Window Coverings (specify type) Blind

   TENANT acknowledges that any appliances that are on the premises are for TENANTs use and convenience; however, in the event of a breakdown of said appliance(s) TENANT acknowledges that property manager, LANDLORD and or the owners are not responsible for any damages caused to TENANTs personal property, to include spoilage of food, beverage or clothing etc. as a result of said appliance break down.

*(This Space Intentionally Left Blank)*

Property 6681 Tara Ave                                                Las Vegas        NV   89146
Owner's Name _____TAKO LLC_____        Owner's Name _____
Tenant _____Parnell Colvin_____ Initials PC   Tenant _____ Initials ____
Tenant _____503-490-6564_____ Initials ____ Tenant _____ Initials ____

Residential Lease Agreement Rev. 10.16    © 2016 Greater Las Vegas Association of REALTORS®        Page 8 of 13

30. **INSURANCE:** TENANT __x__ is –OR– _____ is not required to purchase renter's insurance. LANDLORD BROKERAGE, and DESIGNATED PROPERTY MANAGER shall be named as additional insureds on any such policy. LANDLORD shall not be liable for any damage or injury to TENANT, or any other person, to any property occurring on the Premises or any part thereof, or in common areas thereof. TENANT agrees to indemnify, defend and hold LANDLORD harmless from any claims for damages. TENANT understands that LANDLORD's insurance does not cover TENANT's personal property. If the Premises, or any part of the Premises, shall be partially damaged by fire or other casualty not due to TENANTs negligence or willful act, or that of TENANT's family, agent, or visitor, there shall be an abatement of rent corresponding with the time during which, and the extent to which, the Premises is uninhabitable. If LANDLORD shall decide not to rebuild or repair, the term of this Lease shall end and the rent shall be prorated up to the time of the damage.

TENANT hereby acknowledges that the OWNER of the subject property does __x__ or does not ____ have homeowner's insurance. TENANT agrees to cooperate with homeowner and homeowner's insurance company in all relevant matters. TENANT further agrees, upon written notice, to cease any and all actions that may adversely impact OWNER's insurance coverage under said policy.

31. **ILLEGAL ACTIVITIES PROHIBITED:** TENANT is aware of the following: It is a misdemeanor to commit or maintain a public nuisance as defined in NRS 202.450 or to allow any building or boat to be used for a public nuisance. Any person, who willfully refuses to remove such a nuisance when there is a legal duty to do so, is guilty of a misdemeanor. A public nuisance may be reported to the local sheriff's department. A violation of building, health or safety codes or regulations may be reported to the government entity in our local area such as the code enforcement division of the county/city government or the local health or building departments. In addition continuing violations of HOA rules and regulations will be considered a public nuisance and TENANT hereby agrees that such continuing HOA violations shall be grounds for eviction.

32. **ADDITIONAL RESPONSIBILITIES:**

    a. TENANT may install or replace screens at TENANT's own expense. Solar screen installation requires written permission from LANDLORD. LANDLORD is not responsible for maintaining screens.

    b. With the exception of electric cooking devices, outdoor cooking with portable barbecuing equipment is prohibited within ten (10) feet of any overhang, balcony or opening, unless the Premises is a detached single family home. The storage and/or use of any barbecuing equipment is prohibited indoors, above the first floor and within five (5) feet of any exterior building wall. Adult supervision is required at all times the barbecue equipment is generating heat.

    c. The Premises ____ will –OR– __x__ will not be freshly painted before occupancy. If not freshly painted, the Premises ____ will –OR– __x__ will not be touched up before occupancy. TENANT will be responsible for the costs for any holes or excessive dirt or smudges that will require repainting.

    d. TENANT agrees to coordinate transfer of utilities to LANDLORD or BROKER/DESIGNATED PROPERTY MANAGER no less than __2__ business days of vacating the Premises.

    e. Locks may be replaced or re-keyed at the TENANT'S expense provided TENANT informs LANDLORD and provides LANDLORD with a workable key for each new or changed lock. TENANT further agrees to be responsible for any and all such rekey expenses should TENANT fail to notify LANDLORD in advance of any such replacement.

Property __6681 Tara Ave__ __Las Vegas__ NV __89146__
Owner's Name __TAKO LLC__ Owner's Name _____
Tenant __Parnell Colvin__ Initials _PC_ Tenant _____ Initials _____
Tenant __503-490-6564__ Initials _____ Tenant _____ Initials _____

Residential Lease Agreement Rev. 10.16    © 2016 Greater Las Vegas Association of REALTORS®    Page 9 of 13

f. TENANT may conduct a risk assessment or inspection of the Premise for the presence of lead-based paint and/or lead-based paint hazards at the TENANT's expense for a period of ten days after execution of this agreement. Such assessment or inspection shall be conducted by a certified lead based paint professional. If TENANT for any reason fails to conduct such an assessment or inspection, then TENANT shall be deemed to have elected to lease the Premises "as is" and to have waived this contingency. If TENANT conducts such an assessment or inspection and determines that lead-based paint deficiencies and/or hazards exist, TENANT will notify LANDLORD in writing and provide a copy of the assessment/inspection report. LANDLORD will then have ten days to elect to correct such deficiencies and/or hazards or to terminate this agreement. In the event of termination under this paragraph, the security deposit will be refunded to TENANT. (If the property was constructed prior to 1978, refer to the attached Lead-Based Paint Disclosure.)

g. TENANT may display the flag of the United States, made of cloth, fabric or paper, from a pole, staff or in a window, and in accordance with 4 USC Chapter 1. LANDLORD may, at its option, with 30 days' notice to TENANT, adopt additional reasonable rules and regulations governing the display of the flag of the United States.

h. TENANT may display political signs subject to any applicable provisions of law governing the posting of political signs, and, if the Premises are located within a CIC, the provisions of NRS 116 and any governing documents related to the posting of political signs. All political signs exhibited must not be larger than 24 inches by 36 inches. LANDLORD may not exhibit any political sign on the Premises unless the TENANT consents, in writing, to the exhibition of the political sign. TENANT may exhibit as many political signs as desired, but may not exhibit more than one political sign for each candidate, political party or ballot question.

i. DANGEROUS MATERIALS. TENANT shall not keep or have on or around the Premises any article or thing of a dangerous, flammable, or explosive character that might unreasonably increase the danger of fire on or around the Premises or that might be considered hazardous.

33. **CHANGES MUST BE IN WRITING:** No changes, modifications or amendment of this Agreement shall be valid or binding unless such changes, modifications or amendment are in writing and signed by each party. Such changes shall take effect after thirty days' notice to TENANT. This Agreement constitutes the entire agreement between the Parties and supersedes any prior understanding or representation of any kind preceding the date of this Agreement. There are no other promises, conditions, understandings or other agreements, whether oral or written, relating to the subject matter of this Agreement.

34. **CONFLICTS BETWEEN LEASE AND ADDENDUM:** In case of conflict between the provisions of an addendum and any other provisions of this Agreement, the provisions of the addendum shall govern.

35. **ATTORNEY'S FEES:** In the event of any court action, the prevailing party shall be entitled to be awarded against the losing party all costs and expenses incurred thereby, including, but not limited to, reasonable attorney's fees and costs.

36. **NEVADA LAW GOVERNS:** This Agreement is executed and intended to be performed in the State of Nevada in the county where the Premises are located and the laws of the State of Nevada shall govern its interpretation and effect.

37. **WAIVER:** Nothing contained in this Agreement shall be construed as waiving any of the LANDLORD's or TENANT's rights under the laws of the State of Nevada.

Property __6681 Tara Ave_____ Las Vegas  NV  89146
Owner's Name _____TAKO LLC_____    Owner's Name _____
Tenant _____Parnell Colvin_____ Initials /PC/   Tenant _____ Initials ____
Tenant _____503-490-6564_____ Initials ____  Tenant _____ Initials ____

Residential Lease Agreement Rev. 10.16        © 2016 Greater Las Vegas Association of REALTORS®        Page 10 of 13

**38. PARTIAL INVALIDITY:** In the event that any provision of this Agreement shall be held invalid or unenforceable, such ruling shall not affect in any respect whatsoever the validity or enforceability of the remainder of this Agreement.

**39. VIOLATIONS OF PROVISIONS:** A single violation by TENANT of any of the provisions of this Agreement shall be deemed a material breach and shall be cause for termination of this Agreement. Unless otherwise provided by the law, proof of any violation of this Agreement shall not require criminal conviction but shall be by a preponderance of the evidence.

**40. SIGNATURES:** The Agreement is accepted and agreed to jointly and severally. The undersigned have read this Agreement and understand and agree to all provisions thereof and further acknowledge that they have received a copy of this Agreement. This Agreement may be executed in any number of counterparts, electronically pursuant to NRS Chapter 719, and by facsimile copies with the same effect as if all parties to this agreement had signed the same document and all counterparts and copies will be construed together and will constitute one and the same instrument.

**41. LICENSEE DISCLOSURE OF INTEREST:** Pursuant to NAC 645.640, _____ is a licensed real estate agent in the State(s) of _____, and has the following interest, direct or indirect, in this transaction: ☐ Principal (LANDLORD or TENANT) –OR– ☐ family relationship or business interest: _____.

**42. CONFIRMATION OF REPRESENTATION:** The Agents in this transaction are:

TENANT's Brokerage: _____  Broker's Name: _____
DESIGNATED PROPERTY MANAGER
Agent's Name: Xing R Mao
Address: 6292 Spring Mountain Rd # 105    Agent's License # _____
Phone: 702-248-1818   Fax: 702-253-7184   Las Vegas   NV   89146
Email: vivianutg@hotmail.com

LANDLORD's Brokerage: _____  Broker's Name: _____
DESIGNATED PROPERTY MANAGER
Agent's Name: _____
Address: _____   Agent's License # _____
Phone: _____   Fax: _____   Email: _____

**43. NOTICES:** Unless otherwise required by law, any notice to be given or served upon any party hereto in connection with this Agreement must be in writing and mailed by certificate of mailing to the following addresses:

BROKERAGE: _____
DESIGNATED PROPERTY MANAGER  BROKER
Address: _____
Phone: _____   Fax: _____   Email: _____

TENANT: Parnell Colvin   503-490-6564
Address: _____
Phone: _____   Fax: _____   Email: _____

Property 6681 Tara Ave   Las Vegas   NV   89146
Owner's Name  TAKO LLC              Owner's Name _____
Tenant  Parnell Colvin      Initials  PC    Tenant _____    Initials _____
Tenant  503-490-6564        Initials _____  Tenant _____    Initials _____

Residential Lease Agreement Rev. 10.16   © 2016 Greater Las Vegas Association of REALTORS®

Page 11 of 13

This form presented by Xing R Mao | AHP Realty LLC | 702-248-1818 | vivianutg@hotmail.com

Instanet

44. **MILITARY PROVISION**: IN THE EVENT the TENANT is, or hereafter becomes, a member of the United States Armed Forces on extended active duty and hereafter the TENANT receives permanent change of station orders to depart from the area where the Premises are located, or is relieved from active duty, retires or separates from the military, or is ordered into military housing, then in any of these events, the TENANT may terminate this lease upon giving thirty (30) days written notice to the LANDLORD. The TENANT shall also provide to the LANDLORD a copy of the official orders or a letter signed by the TENANT's commanding officer, reflecting the change, which warrants termination under this clause. The TENANT will pay prorated rent for any days (he/she) occupy the premises past the first day of the month. The security deposit will be promptly returned to the TENANT, provided there are no damages to the premises, as described by law.

45. **ADDENDA ATTACHED**: Incorporated into this Agreement are the following addenda, exhibits and other information:
   - A. ☐ Lease Addendum for Drug Free Housing
   - B. ☐ Lease Addendum for Illegal Activity
   - C. ☐ Smoke Detector Agreement
   - D. ☐ HOA Rules and Regulations
   - E. ☐ Other: _____
   - F. ☐ Other: _____
   - G. ☐ Other: _____
   - H. ☐ Other: _____

46. **ADDITIONAL TERMS AND CONDITIONS**:
The Owner holding all the tenant security deposit.
The owner has agreed to release said security deposit to the tenant within a 30 day(end of the lease date) Said property has been maintained according to the property condition report or written, itemized account of the disposition of security deposit to the tenant.
Tenant hereby acknowledges property management is with Vivian.
Final inspection of side property. Please contact Carol Pang:702-488-5563 Vivian:702-302-1530
Landlord will not allow anybody smoke inside of the premises.
The landlord has the right to enter the property prior 24 hours notice to the tenant.
Tenant needs to take care the front yard and backyard.
Tenant needs to replace AC filter every month.
Tenant agrees to take care the pool, front yard and backyard by tenant self.
It is tenant's responsibility to follow all the HOA rules and take care the violation letter and fines.
Tenant must keep the house clean and in good condition.

Property __6681 Tara Ave__ Las Vegas NV 89146
Owner's Name __TAKO LLC__   Owner's Name _____
Tenant __Parnell Colvin__  Initials _PC_   Tenant _____  Initials ____
Tenant __503-490-6564__   Initials ____   Tenant _____  Initials ____

Residential Lease Agreement Rev. 10.16    © 2016 Greater Las Vegas Association of REALTORS®    Page 12 of 13

```
 1  _____
 2  _____
 3  _____
 4  _____
 5  _____
 6  _____
 7  _____
 8  _____
 9  _____
10  _____
11  _____
```

12  **Landlord agrees to rent the Premises on the above terms and conditions.**

13
14
15  _Xing R Mao_                        03/15/2018         _____    _____
16  LANDLORD/OWNER                      DATE               LANDLORD/OWNER            DATE
17  OR Authorized Signatory                                OR Authorized Signatory
18  TAKO LLC                                               _____
19  PRINT NAME                                             PRINT NAME
20
21
22  **Tenant agrees to rent the Premises on the above terms and conditions.**
23
24
25  _[signature]_                       03/15/2018         _____    _____
26  TENANT'S SIGNATURE                  DATE               TENANT'S SIGNATURE        DATE
27          Parnell Colvin                                         503-490-6564
28  PRINT NAME                                             PRINT NAME
29
30
31  TENANT'S SIGNATURE                  DATE               TENANT'S SIGNATURE        DATE
32
33  PRINT NAME                                             PRINT NAME

---

**Real Estate Brokers and Designated Property Managers:**
  A. Real estate brokers, licensees, agents, and Designated Property Managers who are not also disclosed as a party to the transaction under paragraph 41 are not parties to this Agreement between Landlord and Tenant.
  B. Agency relationships are confirmed in paragraph 42.

---

Property  6681  Tara Ave                                          Las Vegas        NV    89146
Owner's Name        TAKO LLC                       Owner's Name
Tenant        Parnell Colvin           Initials _PC_      Tenant                    Initials _____
Tenant        503-490-6564             Initials _____    Tenant                    Initials _____

Residential Lease Agreement Rev. 10.16     © 2016 Greater Las Vegas Association of REALTORS®     Page 13 of 13

This form presented by Xing R Mao | AHP Realty LLC | 702-248-1818 | vivianutg@hotmail.com          Instanet