CHAN LENGSAVATH, ESQ.
Nevada Bar# 12609)
**CHAN LENGSAVATH LAW LTD.**
7473 W. Lake Mead Blvd, #100
Las Vegas, NV 89128
Tel: (702) 518-2987
Email: chan@VegasCLLaw.com
*Attorney for Defendant QINGWEN KONG*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PARNELL COLVIN III,<br>An Individual,<br><br>  Plaintiff,<br><br>vs.<br><br>AHP REALTY LLC, & QINGWEN KONG,<br><br>  Defendants. | CASE NO.: 2:20-CV-00343-GMN-NJK<br><br>**MOTION TO DECLARE PETITIONER AS A VEXATIOUS LITIGANT** |

Defendants QINGWEN KONG ("KONG"), by and through her counsel of record, Chan Lengsavath Law LTD., hereby moves this Court to declare Plaintiff Parnell Colvin (a.k.a. Parnell Colvin III) as a vexatious litigant.

This Motion is made based on the following Memorandum of Points and Authorities, the pleadings and papers on file herein, and any oral argument the Court may allow.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Plaintiff, Parnell Colvin III ("Colvin") is a tenant and entered into a residential lease for 6681 Tara Ave., Las Vegas, Nevada ("Property"). He has continually failed to pay rent in accordance with the lease since June 2019 and now owes $26,000 in back rent. The Defendant has tried to bring summary eviction proceedings in local justice court, as the

- 1 -

1  court with original jurisdiction on such matters. Instead of litigating the matter before the
2  Las Vegas Justice Court, the Plaintiff has constantly delayed the proceedings by filing
3  bankruptcy petitions and complaints with this Court.

4      This tactic is not new to Colvin. He has filed at least 7 bankruptcy petitions since
5  2015, none of which were properly filed or discharged. Each one was to delay eviction and
6  avoid paying rent. This pattern of bad faith, malicious intent, and waste of the Defendant's
7  and Court's time cannot and should not continue.

8      There is no due process violation. Colvin's "day in court" should be in Las Vegas
9  Justice Court but he has caused the process to be delayed, not the Defendant. The summary
10 eviction process is exactly what Nevada law allows for both landlords and tenants to deal
11 with evictions. In fact, the landlord/defendant in this matter was willing to just allow the
12 tenant to leave and not pursue any past rents. Now, the tenant is forced to seek past rents,
13 court costs, and attorney fees.

14     Therefore, the Defendant asks this Court to declare Parnell Colvin a vexatious
15 litigant.

16
17 **II.     STATEMENT OF FACTS**
18

19     Plaintiff, Parnell Colvin III ("Colvin") is a tenant and entered into a residential lease
20 for 6681 Tara Ave., Las Vegas, Nevada ("Property"). He has continually failed to pay rent
21 in accordance with the lease since June 2019. On August 12, 2019, a 5-day Notice to Pay or
22 Quit. Instead of paying the rent, the Defendant, as he has done in numerous instances in the
23 past, filed for bankruptcy with the US Bankruptcy Court, District of Nevada (Case# 19-
24 13142-MKN) May 17, 2019. Each bankruptcy petition created an automatic stay of 60-days
25 from the eviction process. Instead of retaining counsel, the Defendant tried to just wait out
26 the 60 days and renew a summary eviction process after the bankruptcy case. That case was
27 dismissed on the Trustee's motion July 8, 2019 due to Colvin's failure to complete the
28 required forms and classes.

The Defendant again filed a new summary eviction process. Instead of attending the summary eviction hearing on good faith or moving out of the Property, the Defendant again intentionally and maliciously delayed an eviction by filing another petition for bankruptcy on July 18, 2019 (Case# 19-14597-BTB). However, that case was also dismissed for the same reasons. Not to be deterred, Colvin filed another petition for bankruptcy on January 23, 2020. The Defendant filed a Motion for a Stay from the bankruptcy petition but before the hearing on the stay could be determined, that court dismissed the petition for the Plaintiff's failure to file the required documents and attend the required classes yet again.

Additionally, the Petitioner has filed claims with this Court twice. The latest being the instant complaint filed on February 18, 2020. All filings in the bankruptcy court and in this have been to avoid rent, to delay eviction, and to maliciously force the defendants to incur attorney fees and court fees. All while the Plaintiff has incurred no costs due to his designation to proceed as *forma pauperis* in each filing, including this current complaint.

In the instant complaint, Colvin claimed that his Due Process rights were being violated, presumably, by the local justice court that has original jurisdiction on eviction matters in Nevada. However, his rights are to have hearing for summary eviction with the justice court and he is the one avoiding defense.

The Plaintiff is again wasting this Court's and other courts' time by pursuing a frivolous complaint. There is no due process violation. The summary eviction process is exactly what Nevada law allows for both landlords and tenants to deal with evictions. In fact, the landlord/defendant in the matter was willing to just allow the tenant to leave and not pursue any past rents. Now, the tenant is forced to seek past rents, court costs, and attorney fees.

A copy of the lease agreement is attached as **Exhibit A**. Currently, Colvin is delinquent $26,000 in rents because he has not paid any rent since May 2019. A copy of the accounting ledger is attached as **Exhibit B**. Furthermore, the Defendant has attorney fees totaling approximately $5,000.

In light of the foregoing, Movant respectfully requests that the Court grant the movant's request to designate the Plaintiff as a vexatious litigant.

### III. LAW AND ANALYSIS

#### A. Legal Standard

A "vexatious litigant" is one who habitually misuses the judicial process, and, as a penalty, is barred from bringing further lawsuits or filing future motions in the litigation without obtaining the court's permission. Validity, Construction, and Application of State Vexatious Litigant Statutes, 45 A.L.R. 6th 493 (Originally published in 2009).

In this Court, "[t]he all writs act, 28 U.S.C. § 1651(a) provides district courts with the inherent power to enter pre-filing orders against vexatious litigants. The Ninth Circuit previously held that "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants. De Long v. Hennessey, 912 F.2d 114, 1146 (9th Cir. 1996).

There are five factors that this Court can use to determine that Colvin qualifies as a Vexatious Litigant. Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1051 (9th Cir. 2007). These include: (1) Colvin's history of vexatious and harassing litigation with duplicative suits; (2) Colvin's motive in pursuing the litigation; (3) whether the litigant is represented by counsel; (4) the fact that Colvin continues to cause extreme and unnecessary expense to the parties and places burdens on this Court with his superfluous filings; and (5) the fact that the prior actions by the courts, such as pre-file reviews and dismissals against Colvin have not been adequate to protect the Courts and the Defendant's from continued harassment and additional lawsuits.

Once the Court enters a restrictive order it must be narrowly tailored to the particular circumstances – i.e., depending on the specific problem at hand, "a restrictive order might bar a litigant for filing any new actions involving a specific defendant or a specific claim, or

it might bar a litigant from filing any new actions unless the court first determines that the proposed action is not frivolous or brought for an improper purpose and/or implicates a fundamental right." <u>Jordan v. State, Dept. of Motor Vehicles</u>, 121 Nev. 44, 60-62 (Nev. 2005).

### B. Discussion

In looking at the five factors above, it is clear that Colvin is a vexatious litigant. When looking at the first factor, the Court will see that Colvin has filed at least 7 petitions with the bankruptcy courts since 2015 (**Exhibit C**) and has yet to pursue a discharge in good faith for any of the petitions. He also filed two incoherent complaints with this Court to again seek another avenue of delaying eviction and avoiding rent.

The second factor looks to Colvin's intent. The first 5 petitions were to avoid evictions with other parties but the last two have been against the instant Defendant. The Plaintiff filed the petitions to avoid evictions and rent, not because he was seeking discharge from legitimate debts. Both of his complaints with this court were to remove evictions from the local justice court under the guise of due process violations.

The third factor asks this Court to consider whether the Plaintiff is represented by counsel. This factor is key because in each of the filings by Colvin, he immediately sought permission to file *forma pauperis* and each time his requests were granted. Therefore, he has been allowed to continue his vexatious litigation with little or no costs.

The fourth factor looks at the unnecessary expense caused by Colvin. Colvin is a veteran of waste. He has wasted the current and past defendants' time and money purely to avoid his contractual obligations to pay rent. Even worse, he has wasted the various courts' time by pursuing litigation in bad faith. At most, Colvin should have let the eviction process run its course through the proper channels within the local justice courts. Instead, the federal district and bankruptcy courts have been used to avoid tens of thousands of dollars in rent while depriving other good faith litigants the necessary resources with the Courts.

Finally, the fifth factor requires an analysis of prior court actions and whether those actions have been adequate to protect the Courts and the Defendant's from continued harassment and additional lawsuits. The answer is simply "no." The Defendant and Courts have not been remotely shielded from further harassment or litigation.  Without a determination that Parnell Colvin is a vexatious litigant, he will continue to file future complaints and petitions as long as he can do so without any costs to him and receive free rent.

### IV.    CONCLUSION

For all of the foregoing reasons, Defendant respectfully asks this Court to grant Defendant Qingwen Kong's Motion to Declare Petitioner as a Vexatious Litigant.

DATED this __11th___ day of ____March___, 2020.

**CHAN LENGSAVATH LAW LTD.**

By:   /s/ Chan Lengsavath  
CHAN LENGSAVATH, ESQ.  
7473 W. Lake Mead Blvd, #100  
Las Vegas, NV 89128  
Tel:  (702) 518-2987  
Email: chan@VegasCLLaw.com  
*Attorney for Defendant Qingwen Kong*

## **CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I certify that on March 11, 2020, I served a true and correct copy of the foregoing DEFANDANT QINGWEN KONG'S MOTION TO DECLARE PETITIONER AS A VEXATIOUS LITIGANT as follows:

| | |
|---|---|
| __X__ | U. S. Mail |
| _____ | Fax |
| _____ | Other |
| _____ | Electronic Service to the following: |

DATED this ___11th__ day of ___March__, 2020.

                                      **CHAN LENGSAVATH LAW LTD.**

By:   /s/ Melinda Lengsavath
         Employee, CHAN LENGSAVATH LAW LTD.

**Vegas Valley Law L.L.C.**
6130 ELTON AVE.
LAS VEGAS, NEVADA 89107
(702) 483-7008

- 7 -