1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8

9

10

11

12

| | |
|---|---|
| PARNELL COLVIN, | |
| Plaintiff(s), | Case No.: 2:20-cv-00343-GMN-NJK |
| v. | **ORDER** |
| AHP REALITY LLC, et al., | **[Docket Nos. 30, 32]** |
| Defendant(s). | |

13    Pending before the Court is Plaintiff's motion for defense attorney to produce

14 documentation. Docket No. 30. The Court construes Plaintiff's motion as a motion to compel.

15 *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally

16 construed[.]'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The Court has considered

17 Plaintiff's motion, Defendant Qingwen Kong's ("Defendant") response, and Plaintiff's reply.[1]

18 Docket Nos. 30, 31, 33. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

19 **I.    ANALYSIS**

20    "Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v.*

21 *Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Parties should strive to be cooperative, practical,

22 and sensible, and should seek judicial intervention "only in extraordinary situations that implicate

23 truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D.

24 Cal. 1985). The Federal Rules of Civil Procedure state that the party bringing a motion to compel

25 must "include a certification that the movant has in good faith conferred or attempted to confer

26

27    [1] Also pending before the Court is Plaintiff's motion for miscellaneous relief. Docket No.
28 32. Plaintiff's motion requests no form of relief. *See* Docket No. 33. Accordingly, the Court
**DENIES** as moot Plaintiff's motion for miscellaneous relief. Docket No. 32.

1

with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed.R.Civ.P. 37(a)(1).  The Court's Local Rules further expound on this requirement, providing that discovery motions will not be considered "unless the movant (1) has made a good-faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request."   Local Rule 26-6(c).   This prefiling conference requirement is not merely a formal prerequisite to seeking judicial intervention—it requires a fulsome discussion of the issues in dispute. *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993).[2]  Courts may look beyond the certification made to determine whether a sufficient meet-and-confer occurred. *See, e.g., Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015).

Here, Plaintiff has failed to follow more than one of the requirements set out in the Federal Rules of Civil Procedure and the Court's Local Rules.   First, Plaintiff failed to respond to Defendant's proposed discovery plan.[3]  Docket No. 25.  The Court thus granted in part Defendant's proposed discovery plan, wherein the parties agreed that no discovery is necessary. *Id.*  Without explanation, however, Plaintiff now appears to seek leave from the Court to compel Defendant's attorney to produce certain documents.  Docket No. 30.  Further, Plaintiff's motion does not state

---

[2] Judges in this District have held that these rules require the movant to "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996).   The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev.1993).  To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id.*  This occurs when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id.*  To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 171.  These requirements are now largely codified in the Court's Local Rules. *See* Local Rule 26-6(c), Local Rule IA 1-3(f).

[3] The Court twice ordered Plaintiff to respond to Defendant's proposed discovery plan, but Plaintiff failed to do so. *See* Docket Nos. 22, 23.  Nonetheless, Defendant submitted to the Court that the parties engaged in discussions and determined that no discovery is required in the instant case.  Docket No. 21 at 2; Docket No. 21-2 at 4.

whether Plaintiff made a good-faith effort to meet and confer with Defendant before filing the motion. *See id.* Although the Court "construe[s] pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*. 46 F.3d 52, 54 (9th Cir. 1995) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).

Accordingly, the Court **DENIES** Plaintiff's motion to compel.  Docket No. 30.  Further, the Court **DENIES** as moot Plaintiff's motion for miscellaneous relief.  Docket No. 32.

IT IS SO ORDERED.

Dated: September 11, 2020

_____
Nancy J. Koppe
United States Magistrate Judge