UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PARNELL COLVIN, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:20-cv-00343-GMN-NJK |
| vs. ) | |
| ) | **ORDER** |
| AHP REALTY LLC; QINGWEN KONG, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court are the Motion to Dismiss, (ECF No. 5), and the Motion to Declare Plaintiff a Vexatious Litigant, (ECF No. 6), filed by Defendant Qingwen Kong ("Defendant"). Plaintiff Parnell Colvin ("Plaintiff") filed a Response, (ECF No. 14), and Defendant filed a Reply, (ECF No. 15). For the reasons discussed below, the Court **GRANTS** Defendant's Motion to Dismiss and **DENIES** the Motion to Declare Plaintiff a Vexatious Litigant.

**I.    BACKGROUND**

This case arises from Plaintiff's allegations that Defendants have attempted to evict Plaintiff from his residence without due process of law. (*See* Compl. 1:17–3:10, ECF No. 1). Defendant moves to dismiss the Complaint for lack of subject matter jurisdiction because Las Vegas Justice Court has exclusive jurisdiction over eviction disputes in Las Vegas, Nevada. (Mot. Dismiss ("MTD") 1:25–2:15, 5:1–20, ECF No. 5). Defendant also seeks to have Plaintiff declared a vexatious litigant because Plaintiff has allegedly attempted to stay his eviction in bad faith by initiating seven bankruptcy cases and two cases in federal district court. (*See* Mot. Declare Plaintiff Vexatious Litigant ("Mot. Sanctions") 4:6–6:7, ECF No. 6).

//

//

## II. LEGAL STANDARD

### A. 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for lack of subject matter jurisdiction. A motion to dismiss for lack of subject matter jurisdiction may take one of two forms: either a "facial" or "factual" challenge. *Thornhill Publishing Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Alternatively, "[a] factual challenge relies on affidavits or any other evidence properly before the court to contest the truth of the complaint's allegations." *Courthouse News Serv. v. Planet*, 750 F.3d 776, 780 (9th Cir. 2014). When, as here, a court considers a "facial" attack made pursuant to Rule 12(b)(1), it must consider the allegations of the complaint to be true and construe them in the light most favorable to the plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).

### B. Vexatious Litigant Sanction

The All Writs Act, 28 U.S.C. § 1651(a), empowers federal district courts to enjoin vexatious litigants who have a history of abusing the court's limited resources. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). Under the All Writs Act, a district court can order a person with lengthy histories of abusive litigation—a vexatious litigant—to obtain leave of court before filing any future lawsuits. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).

"Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long*, 912 F.2d at 1148. However, the Ninth Circuit has cautioned that vexatious litigant orders are an extreme remedy and should rarely be entered. *Id.*

(citing *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1523–26 (9th Cir. 1984)). This is because such an order restricts access to the courts—the litigant's "final safeguard for vitally important constitutional rights." *Wood*, 705 F.2d at 1525. "An injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit." *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990).

In deciding whether to restrict a litigant's access to the courts, "[u]ltimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Molski v. Mandarin Touch Rest.*, 347 F. Supp. 2d 860, 863–64 (C.D. Cal. 2004) (quoting *Safir v. United States Lines, Inc.*, 792 F.2d 19, 23 (2d Cir. 1986)). "In doing so, the court should examine five factors: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." *Id.* at 864.

## III. <u>DISCUSSION</u>

The Court's below discussion first addresses its subject matter jurisdiction over the case before considering whether to designate Plaintiff a vexatious litigant.

### A. Subject Matter Jurisdiction

Defendant argues that the Court lacks subject matter jurisdiction over the case because Las Vegas Justice Court has exclusive jurisdiction to hear Plaintiff's challenge to his eviction. (MTD 5:15–17). Plaintiff responds that this Court has jurisdiction over his case because his

Complaint asserts claims for civil rights and due process violations. (Pl.'s Resp. 1:22–25, ECF No. 14).

Although federal courts have jurisdiction over claims arising under federal law, *see* 28 U.S.C. § 1331, Plaintiff's Complaint does not state a cognizable federal cause of action despite his assertion that Defendants' tactics violate his constitutional rights.  Plaintiff's claims allege that Defendants have not complied with state law in attempting to evict him from his residence. (*See* Compl. 2:7–3:4, ECF No. 1).  Plaintiff's claims, while cloaked in the language of federal civil rights, exclusively implicate matters of landlord-tenant law, which arise under state law. *See, e.g.*, *Los Cabos 1 v. Ross*, No. 2:16-cv-00817-GMN-GWF, 2016 U.S. Dist. LEXIS 182962, 2016 WL 8114129, at *2 (D. Nev. Oct. 14, 2016) (explaining that the Court lacked jurisdiction over alleged eviction-related due process violations "[b]ecause landlord-tenant disputes are matters of state law they cannot form the basis for federal question jurisdiction."); *Thompson v. Wells Fargo, Inc.*, 2:08-cv-01227-RCJ-GWF, 2009 U.S. Dist. LEXIS 73244, at *5–*6 (D. Nev. July 14, 2009); *cf. Powers v. United States Postal Service*, 671 F.2d 1041, 1045 (7th Cir. 1982) ("a federal common law of landlord and tenant does not exist."); *Evans v. Sentry Property Management Corp.*, 852 F. Supp. 71 (D. Mass. 1994) ("A tenant's claims arising out of a landlord-tenant relationship were state law claims not subject to removal under federal question jurisdiction, even if the housing authority received federal funding."). Therefore, the Court lacks jurisdiction over Plaintiff's case, and the Court dismisses the Complaint without prejudice.  The Court next considers whether to designate Plaintiff as a vexatious litigant.

**B.  Vexatious Litigant Sanction**

Defendant seeks to have Plaintiff declared a vexatious litigant because Plaintiff has allegedly lodged frivolous federal lawsuits and bankruptcy petitions in order to delay his eviction. (Mot. Sanctions 5:7–6:7).  Plaintiff responds that his bankruptcy petitions have

"nothing to do with defendants," and Defendants could have sought relief from the automatic stay to proceed with eviction. (Pl.'s Resp. 2:23–5).

      The Court finds that Defendant has not met her burden to show that Plaintiff has acted vexatiously.  Defendant alleges that Plaintiff is delinquent by at least $26,000.00 in rent that has been accruing since May of 2019, which Defendant corroborates with an "accounting ledger," attached to her Motion as Exhibit B. (*See* Mot. Sanctions 1:26–2:4, 3:24–27). However, the ledger calculating Plaintiff's delinquency—which appears to be a table generated by Microsoft Word that has no surrounding context—is not a judicially noticeable document and is not verified with a supporting affidavit. (*See* Ex. B to Mot. Sanctions, ECF No. 6-2). Defendant also discloses Plaintiff's seven prior bankruptcy proceedings, but only three of the seven were filed after Plaintiff's delinquent rent allegedly began to accrue. (*See* Pacer Case Search Results, Ex. C to Mot. Sanctions, ECF No. 6-3) (showing only three cases initiated after May of 2019).  Additionally, Defendant provides no copies of the courts' orders indicating why Plaintiff's previous bankruptcy cases, or his other case in federal district court, have been dismissed.  The Court is not inclined to issue a severe sanction against Plaintiff based on inferences the Court may make about Plaintiff's repetitive filings without evidence regarding the merits of his claims.  Accordingly, the Court denies without prejudice Defendant's Motion to Declare Plaintiff a Vexatious Litigant.

//

//

//

//

//

//

//

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 5), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Declare Plaintiff a Vexatious Litigant, (ECF No. 6), is **DENIED without prejudice**.

The Clerk of Court shall close the case.

Dated this  28  day of December, 2020.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT